Thomas, Justice, delivered the opinion of the court: This was a suit commenced by the appellants against the appellees, for the recovery of a certain demand not exceeding one hundred dollars, before a justice of the peace of Peoria county. The summons issued by the justice was dated on the 5th day of August, 1842, .and returnable on the 20th day of August, at 10 o’clock, A. m.,” -'without specifying the year. This summons was served on the ■ defendants on the 17th, and judgment was rendered against them • on the 20th of August, 1842. That judgment the defendants took by appeal into the circuit court of Peoria county, and that ■ court, on the appellants’ motion, dismissed the suit for the alleged reason, that “ no time is specified in the summons issued by the justice, at which the said summons is returnable.” The plaintiffs excepted to the opinion of the court, in dismissing their suit, and now bring the cause into this court, by writ of error, and assign for error that decision of the circuit court. The only question presented by this statement of the case is, whether the defendants could legally avail themselves, on appeal in the circuit court, of the alleged defect in the summons, for the purpose of a dismissal of the suit. The plaintiffs maintain that they could not, and insist that the circuit court should have over-Tuled the appellants’ motion, and proceeded to the trial of the cause upon its merits, in support of this position they rely upon § 4 of the law entitled “ an act to amend the several laws in relation to appeal bonds, and the trial of appeals,” approved March 2,1839. Acts of 1838-9. In the decision of this case, the court is therefore called upon to give a construction to that statute, to determine Whether the appellant is prohibited by it from taking any exceptions whatever to any illegality or irregularity in the proceedings of the justice, other than his want of jurisdiction of the subject matter of the ■ suit, and if any cases do, or may exist, in which such exceptions may be taken, whether this is one of them. The language of the statute is, “ upon the trial of all appeal cases before the circuit court, no exception shall [* 176] be taken to the form or service of the summons issued by the justice of the peace, or to any proceedings before him, but the court shall try the cause upon its merits; and in all cases of appeal from a justice of the peace, shall give judgment according to the rights of the parties, unless it shall appear, from the evidence, that the justice had no jurisdiction of the subject-matter of- the suit, in which case, the suit shall be dismissed, at the costs of the plaintiff.” The object of the legislature, in the enactment of this law, was manifestly to inhibit the appellant, in any case, from evading a trial on its merits, on appeal in the circuit court, on any ground merely technical, or of which he might have availed himself before a justice of the peace. The language used for this purpose is broad and comprehensive, and needs not, in order to give it full effect and operation, any extended construction. By it the appellant is prevented from excepting in the circuit court, to any proceedings before the justice, except such as are not only wholly without authority of law, but also, had without notice to, or the knowledge and consent of the defendant. It disables the appellant from objecting in the circuit court to the sufficiency of the summons issued by the justice of the peace, or of the service thereof upon him, or to “ any illegality or irregularity in- the proceedings of the justice,” in cases where no summons is by law required to be issued; as in c,ases of trial and judgment, without process, by consent, suits commenced by attachment, trials of the right of property, etc. But the language of the statute, broad as it is, does not deprive the appellant ot the privilege of objecting, in the circuit court, that there was no summons issued by the justice, or service upon the defendant, and that the judgment of the justice was recorded against him, without any notice to him, or knowledge by him of the pendency of proceedings before the justice against him, and without his consent. Under the operation of this statute, then, the appellant may still object, on his appeal in the circuit court, that the judgment of the justice was rendered against him wholly without his knowledge or consent: 1st. Where no summons or other process whatever has been issued against him; 2nd.' Where there has been no service of the summons, or other process issued by the justice upon the defendant, and no notice to him, actual or constructive, of the pendency before the justice, of the suit against him, in which the judgment has been rendered. For these causes, or either of them, but for no other, where the justice has jurisdiction of the subject matter of the suit, the circuit court should, on motion of the appellant, dismiss the suit, and reverse the judgment. Objections to the proceedings of the justice, on the ground that the defendant has had no notice, or but an insufficient notice 'of such proceedings, are in the nature of a plea in abatement [*177] to the jurisdiction of the justice, and are required by the law under consideration, to be made at the first moment at which the defendant is able to make them. This, where he has had no notice whatever of the institution of a suit or other proceedings against him before the justice, is on his appeal in the circuit court; that, then, in such cases, is certainly in time. But it is otherwise where the defendant has had notice, although not strictly such as the law requires, of such proceedings before the justice. This construction makes the appeal of the defendant operate to cure, for the purpose of a trial on the merits in the circuit court, defects and irregularities in a very large class of cases, “which, without it, would render the whole of the proceedings before the justice a perfect nullity. Beyond this we cannot go. To do so would be to encourage, by judicial sanction, not only erroneous and illegal, but wholly ex parte proceedings before the justice. This, neither the policy of the law, the interests of community, nor the language of the statute would demand or justify. To avoid any misapprehension of our views upon this subject, we deem it proper here to say, that the law under consideration is only operative in cases of appeals to the circuit court, and does not, by implication, repeal any of the laws prescribing the several modes by which a justice of the peace may legally acquire jurisdiction over the person of a defendant, for the purposes of a trial and judgment. We are therefore not to be understood as saying that a justice may lawfully render judgment against a defendant in any case in which he. is not- expressly authorized by law to do ■ so. On the other hand, we distinctly recognize the doctrine expounded by the court, in the case of Evans v. Pierce, 2 Scam. 489, that a justice, in order legally to acquire jurisdiction over the person of a defendant, must strictly pursue the mode prescribed by law for that purpose. That if any other mode be adopted, “neither the cause nor parties are legally before the justice to authorize his rendering judgment; and that a judgment rendered by him, under such circumstances, is wholly void, and confers no right or benefit whatever upon the plaintiff therein, or any other person.” A summons having been issued by the justice in this case*' and served upon the appellants, and the justice having had jurisdiction of the subject matter of the suit, it is the opinion of this court that the court below erred in dismissing the suit on the appellants’ motion. The judgment is therefore reversed, and the cause remanded to the circuit court of Peoria county, for a trial on the merits. The appellants recover their costs in this court. Judgment reversed.